IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 13-30606 |
| | ) | Chapter 13 |
| JAMES M. JOZWIAK and | ) | Judge Daniel Opperman |
| SUSAN D. JOZWIAK, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**UNITED STATES' OBJECTION TO CONFIRMATION OF PLAN**

Pursuant to 11 U.S.C. § 1325, Rules 3015(f) and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 3015-3, the United States objects to the confirmation of the proposed Chapter 13 plan filed by the Debtors on February 25, 2013 (Ecf. Doc. No. 2), as amended by the First Amended Chapter 13 Plan filed by the Debtors on March 7, 2013 (Ecf. Doc. No. 23). In support of this objection, the United States avers:

1. Debtors commenced this bankruptcy proceeding by filing a voluntary petition under Chapter 13 of the United States Bankruptcy Code on February 25, 2013 (Ecf. Doc. No. 1.)

2. On February 25, 2013, Debtors filed a proposed Chapter 13 plan. (Ecf. Doc. No. 2.) On March 7, 2013, Debtors filed a First Amended Chapter 13 Plan. (Ecf. Doc. No. 23.)

3. On April 3, 2013, the Internal Revenue Service filed a proof of claim. On May 30, 2013, the IRS filed amendment No. 1 to its proof of claim. On the amendment to its proof of claim, the IRS identified a secured claim in the amount of $51,853.00, related to unpaid income taxes, or interest or penalties thereon, for the 2002 and 2004-06 tax years. The IRS also claimed an unsecured priority claim related to unpaid tax income tax liabilities or interest thereon for the 2009 through 2012 tax years. Although the total amount of the unsecured priority claim is identified as $94,247.26, the proof of claim actually lists the Debtors' unpaid income taxes for

1

the 2009 and 2010 years twice (once for each of the two spouses), even though the claim says that the amounts listed separately are only to be collected once. When the unpaid income tax liabilities and interest thereon for the 2009 through 2012 tax years are counted only once for each year, the IRS has an unsecured priority claim of $63,041.52.

4.  On April 5, 2013, Debtors commenced an adversary proceeding, no. 13-3116, which seeks, in part, to avoid or strip down the United States' secured claim with respect to the Debtors' residence, located at 6271 Chestnut Lane, Burton, Michigan. The United States has separately responded to the adversary proceeding.

5.  Section 1322(a)(2) of the Bankruptcy Code provides that "[t]he plan shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of" the Bankruptcy Code.

6.  The United States objects to the proposed plan of confirmation because it does not provide for full payment of the United States' unsecured priority claim. The First Amended Chapter 13 Plan only provides for the payment of an IRS unsecured priority claim in the amount of $24,403.49, an amount that is far short of the IRS's unsecured priority claim of $63,041.52.

7.  The United States further objects to the proposed plan because the plan does not provide for the payment of the United States' secured claim .

8.  The IRS filed separate Notices of Federal Tax Lien against the Debtors James M. Jozwiak and Susan D. Jozwiak by recording them with the Genesee County Recorder's Office on December 18, 2012. Pursuant to M.C.L.A § 211.663, the filing of the IRS's Notice of Federal Lien in the county in which the debtor resides perfects that lien with respect to both the real and personal property of the debtor.

9.  The Debtors' schedules identify real property with a value of $109,500 and personal property with a value of $30,253.00. (Ecf. Doc. No. 1.) The United States' lien attaches to both the real and personal property of the Debtors.

10.  The Debtor has commenced an adversary proceeding, no. 13-3116, which seeks an order that the United States' lien does not attach to the Debtors' principal residence, located at 6271 Chestnut Lane, Burton, Michigan, allegedly because security interests with a higher priority to the tax lien secure the payment of amounts greater than the real property's value. The United States has separately responded to that adversary complaint.

11.  The IRS has not included the value of the property located at 6271 Chestnut Lane, Burton, Michigan, in the calculation of its secured claim. The amount of the $51,853.00 secured claim has been determined by including only the value of following collateral. The IRS has included the value of the Debtors' personal property, which the Debtors themselves valued on their schedules at $30,253. The Debtors' Schedule A, in addition to listing the Debtors' principal residence, also listed a property in Flint (the county seat of Genesee County) jointly held with a brother of one of the Debtors, being sold by land contract. Although the Debtors' Schedule A identified the value of the Debtors' interest in the property to be $2,500, county records indicated that the value of the property is $41,200. The IRS used half of that value ($20,600) in determining the amount of the secured claim. Lastly, the IRS located a boat in which one or both of the Debtors have an interest, and estimated the value of this security to be $1,000.

3
13-30606-dof    Doc 71    Filed 07/15/13    Entered 07/15/13 09:01:49    Page 3 of 5

12. The First Amended Chapter 13 Plan does not provide at all for the payment of the IRS's secured claim.

WHEREFORE, the United States requests the entry of an order denying the confirmation of the Debtors' proposed Chapter 13 plan.

Respectfully submitted,

UNITED STATES OF AMERICA

By:     /s/ Thomas P. Cole
THOMAS PETER COLE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-514-9611 (v)
202-514-5238 (f)
Thomas.P.Cole@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2013, I electronically filed the foregoing UNITED STATES' OBJECTION TO CONFIRMATION OF PLAN with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties and creditors who have appeared in this bankruptcy proceeding through electronic mean, and I hereby certify that on the same date I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

James and Susan Jozwiak

6271 Chestnut Lane

Burton, MI 48519

/s Thomas Peter Cole
THOMAS PETER COLE
Trial Attorney
United States Department of Justice, Tax Division